UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JACOB D. AUSHERMAN, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-00211-WTL-MJD |
| W.V.C.F., | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Jacob Ausherman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 16-10-0008. For the reasons explained in this Entry, Mr. Ausherman's habeas petition must be **denied**.

**A.** **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On October 21, 2016, Investigator J. Poer wrote a Conduct Report charging Mr. Ausherman with conspiracy to commit trafficking. The Conduct Report states:

> I, Inv J. Poer, conducted an investigation into the trafficking of Suboxone strips by Officer Mark Wooten. During my investigation it was determined that multiple offenders involved with the conspiracy were using the account of offender Kyle Wilhelm 143157 to contact Sherrie Ausherman at 765-978-9366. Offender Ausherman, Jacob 178249 used the Wilhelm DOC number and private pin to call 765-978-9966. During the calls offender Ausherman would use coded language to discuss the management of the trafficking. Once offender Ausherman was placed in segregation, he would utilize offender Shawn Adams to communicate with his mom on the Wilhelm account about the trafficking. During multiple calls, Sherrie Ausherman and offender Adams talk about "lil bro", which is a reference to offender Jacob Ausherman. Ausherman and Adams are both members of STG Imperial Gangsters. Sherrie and Adams talk in coded language about what Ausherman wants done with regard to trafficking Suboxone into the facility. Through the investigation, I was able to substantiate the conspiracy to traffic Suboxone strips into the facility and caught Officer Mark Wooten bringing 190 Suboxone strips in on 8/10/16. Wooten gave a recorded statement that substantiated Sherrie Ausherman's involvement along with multiple other offenders.

Dkt. 9-1 at 1. The Conduct Report also referred to Confidential Case File 16-CIC-0034 for further information.

Investigator Poer also completed an Investigation Report on October 21, 2016, which states:

> On July 28, 2016, I, Inv. J. Poer, opened an investigation on Trafficking a controlled substance with an inmate. During the investigation, I was able to substantiate that offender Ausherman, Jacob 178429 was providing instructions to his mother Sherrie Ausherman on how he wanted her to receive controlled substance Suboxone and package it for delivery into the facility. Offender Ausherman originally would call Sherrie Ausherman on phone number 765-978-9366 using another offender's phone account. Offender Ausherman was given segregation time on an unrelated conduct report so he began sending instructions to Sherrie Ausherman through offender Adams, Shawn 200663. Offender Adams would call Sherrie Ausherman on the same number and would constantly tell Sherrie Ausherman what "lil bro" wanted her to do. Offender Adams was referring to offender Ausherman when he talked about "lil bro" with Sherrie Ausherman. For additional information refer to Confidential Case File 16-CIC-0034.

Dkt. 9-2 at 1.

Mr. Ausherman was notified of the charge on October 28, 2016, when he received the Screening Report. He plead not guilty to the charge, did not request to call any witnesses, and requested as physical evidence the "IA Evidence and Confidential Case File 16-CIC-0034." Dkt. 9-3 at 1.

A hearing was held on November 15, 2016. Mr. Ausherman stated the following at the hearing: "'lil bro' is an assumption to be me—there is no way to prove this was me. I didn't tell my mother to do it nor did I tell him to do it—I sometimes ran a store—forget this—it is irrelevant. I should be able to get the coded words I supposedly used." Dkt. 9-6 at 1. Investigator Poer was sworn in over the phone and he testified that the confidential informants used in the investigation were reliable and provided true and accurate information. Based on the Staff Reports, Mr. Ausherman's statement, Investigator Poer's testimony, and the confidential case file summary, the hearing officer found Mr. Ausherman guilty of conspiracy to traffick. The sanctions imposed included a 180-day earned-credit-time deprivation and a credit-class demotion.

Mr. Ausherman appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.  Analysis**

Mr. Ausherman raises four claims in his habeas petition. The respondent contends that Mr. Ausherman's second and forth claims are procedurally defaulted. Because the Court concludes that all four of Mr. Ausherman's claims lack merit, the Court will bypass without deciding the issue of procedural default.

*1. Denial of Evidence*

Mr. Ausherman argues that he was not provided with evidence necessary to properly defend himself. Specifically, he contends that the specific words and phrases he used that constituted engagement in trafficking were not provided and that the summary of the confidential case file provided to him, *see* Dkt. No. 2 at 10, was vague and did not provide "substantial evidence to support the charge," Dkt. No. 2 at 3. To the extent that Mr. Ausherman is requesting specific reasons why certain evidence led to the decision, he is not entitled to this; instead, he is only entitled to a written basis for the decision, which he received. Moreover, due process does not require that he be provided substantial evidence to support the charge, only, as discussed below, that substantial evidence exists. This leaves only a claim that he was improperly denied evidence.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

The only evidence withheld from Mr. Ausherman was the Confidential Investigation Report. Mr. Ausherman was only provided a summary of it, which he maintains is insufficient. But the Confidential Investigation Report was withheld because permitting him to view it would reveal confidential witnesses and allow Mr. Ausherman or other inmates to learn the prison's investigative techniques regarding trafficking. Dkt. No. 9 at 11. These are valid justifications to withhold evidence. *See Donelson v. Pfister*, 811 F.3d 911, 918 (7th Cir. 2016) (holding that "[p]rison authorities are not compelled to accept requests [for evidence] that threaten institutional goals" (citation and quotation marks omitted)); *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (holding that prison officials are not "required to allow the presentation of evidence that could threaten institutional safety or correctional goals").

Moreover, the Confidential Investigation Report was submitted to the Court for *in camera* review, *see* Dkt. No. 11, and the Court's review confirms both that the security justifications provided were valid and that the Confidential Investigation Report is not exculpatory. Although Mr. Ausherman's specific conduct is not the primary focus of the report, nothing in it undermines his involvement in the conspiracy to traffick Suboxone into the facility. Indeed, the opposite is true. The Confidential Investigation Report reveals that a confidential informant—who Investigator Puel testified was trustworthy and provided accurate information—implicated Mr. Ausherman in the conspiracy with his mother, Officer Wooten, and other inmates to traffick Suboxone.

Accordingly, because prison officials had a valid reason to withhold the Confidential Investigation Report and it was inculpatory rather than exculpatory, it did not violate due process to withhold it from Mr. Ausherman. *See Jones*, 637 F.3d at 847.

2.  *Sufficiency of the Evidence*

Mr. Ausherman's second and third claims both challenge the sufficiency of the evidence. Mr. Ausherman argues that, contrary to the Conduct Report and investigations, there is no evidence that he was the "lil bro" referred to in the Conduct Report. Further, Mr. Ausherman contends that there is no video evidence of him ever working with Officer Wooten to traffick Suboxone.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Neither of Mr. Ausherman's arguments regarding the sufficiency of the evidence have merit. First, contrary to Mr. Ausherman's position, there need not be video evidence in order to find him guilty. After all, the Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, whether or not video evidence exists.

Second, Mr. Ausherman's contention that there is no evidence he is the "lil bro" referred to in the Conduct Report and investigations reports is misplaced. Even if this were true, there only needs to be "any evidence in the record that could support the conclusion" that Mr. Ausherman

conspired to traffic for the evidence to be sufficient. *Eichwedel*, 696 F.3d at 675. In other words, the hearing officer did not have to definitely decide whether or not Mr. Ausherman was "lil bro," just that he was trafficking.

As discussed above, the Confidential Investigation Report provides some evidence that Mr. Ausherman conspired to traffic. It details that a confidential informant told prison staff that Mr. Ausherman and his mother were coordinating the trafficking of Suboxone into the facility, and the investigation corroborated the informant's information. *See* Dkt. No. 11 at 1-7. This constitutes some evidence that Mr. Ausherman conspired to traffic, and undermines Mr. Ausherman's claims that the evidence was insufficient.

### 3. *Charging Other Inmates*

Mr. Ausherman's final claim revolves around the fact that all of the other individuals involved in the conspiracy were charged with felonies in state court, while he was not. This, he says, shows that there is insufficient evidence to charge him with a crime, which means there is insufficient evidence to support the prison disciplinary sanctions.

Mr. Ausherman's claim is meritless for several reasons, but the most straightforward is that the standard to find someone criminally liable is different than that to find him guilty during a prison disciplinary proceeding. As noted above, the "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. The difference in these standards shows that there can be sufficient evidence that a prison disciplinary violation occurred, but insufficient evidence to find someone guilty beyond a reasonable doubt at a criminal trial. Therefore, Mr. Ausherman is wrong to suggest that if there was insufficient evidence to charge him with a felony in state court that there was necessarily insufficient evidence of his guilt

at the prison disciplinary proceedings. And for the reasons explained above, the evidence was sufficient in this case to meet the lenient "some evidence" standard.

Accordingly, Mr. Ausherman is not entitled to relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Ausherman to the relief he seeks. Accordingly, Mr. Ausherman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/11/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JACOB D. AUSHERMAN
178429
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov